42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cassius HAWKINS, Defendant-Appellant.
 No. 92-5396.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 6, 1993.
Decided Dec. 5, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-90-123)
 Cheryl Ann Wheeler, Elkins, W VA for Appellant.
 William A. Kolibash, U.S. Atty., Sam G. Nazzaro, Asst. U.S. Atty., Wheeling W VA, for appelllee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HALL, and MURNAGHAN,
 OPINION
 PER CURIAM:
 
 
 1
 Cassius Hawkins entered a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 (1988) and use of a firearm in a drug offense in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1993). The district court sentenced Hawkins to 140 months imprisonment for conspiracy and sixty months for possession of a firearm. Hawkins noted a timely appeal and his attorney filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which she represents that there are no arguable issues of merit in this appeal. Hawkins has not filed a supplemental brief, although he was informed of his right to do so.
 
 
 2
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. We affirm Hawkins's convictions and sentence.
 
 
 3
 The only issue Hawkins's counsel raises in her brief is that the district court erred in giving Hawkins a four level enhancement pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1 (Nov.1992), based on its finding that he was an organizer of the criminal activity. The determination that the defendant was an organizer and leader in the offense is an essentially factual question which is reviewed under the clearly erroneous standard. United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S.1990). A defendant's role in the offense is determined by the entirety of his relevant conduct, not simply by actions encompassed by the count of conviction. United States v. Fells, 920 F.2d 1179, 1184 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3838 (U.S.1991).
 
 
 4
 Section 3B1.1(a), which governs the determination of a defendant's role as an organizer or leader in an offense, provides, "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [base offense level] by 4 levels." The application notes state that the following factors are to be considered when distinguishing between a managerial role and an organizational role: (1) the exercise of decisionmaking authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others. U.S.S.G. Sec. 3B1.1, comment. (n.3). The record discloses that Hawkins moved to West Virginia from Ohio to set up a profitable drug distribution enterprise. He exercised control over six to ten drug runners, some juveniles, providing them with cocaine and collecting profits from them. Additionally, Hawkins purchased the cocaine and had it cooked and distributed. Hence, the district court's finding that he was an organizer was not clearly erroneous.
 
 
 5
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A (West 1985 & Supp.1993). If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of her client.
 
 
 6
 Because the record discloses no reversible error, we affirm Hawkins's convictions and sentences and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.